**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA
Plaintiff-Appellee,

v.                                                                  No. 95-5957

JOSEPH A. BOONE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CR-95-227-H)

Submitted: August 30, 1996

Decided: September 20, 1996

Before HALL, MURNAGHAN, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel E. Ellenbogen, Washington, D.C., for Appellant. Jamie M.
Bennett, Assistant United States Attorney, Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In June 1995 Appellant Joseph Boone pled guilty to illegally possessing a firearm as a convicted felon.* Boone contends the district court erred in determining his sentence under the federal sentencing guidelines. Specifically, Boone claims that the district court considered a conviction that was too old to be used in determining his criminal history points and his base offense level. Finding no reversible error, we affirm.

The only issue in this appeal is whether Boone's armed robbery conviction in 1971 should be used in determining Boone's base offense level and criminal history category under the federal sentencing guidelines. Boone's conviction in 1971 resulted in a sentence of twenty years. In August 1976 Boone was paroled after serving five years and two months of his twenty-year sentence. Boone's parole ceased to be actively monitored in May 1980.

However, Boone was arrested for theft in December 1980. After a period of delay, Boone's parole was revoked and he was sentenced to serve the remainder of his twenty-year sentence. On the theft charge, Boone received four years imprisonment to be served concurrently with his armed robbery conviction. In October 1985, Boone was paroled both on the 1971 armed robbery conviction and the 1982 theft conviction.

Boone argues that he was not "incarcerated" as a result of his 1971 armed robbery conviction within fifteen years from his current offense and thus the district court should not have considered it in determining his criminal history category or base offense level under United States Sentencing Commission, Guidelines Manual, §§ 2K2.1(a)(4)(A), 4A1.2 (Nov. 1995). Specifically, Boone argues that his incarceration in 1982 was not the result of his parole revocation, but was the result of his theft conviction. According to Boone, his parole revocation was a mere accounting procedure as he could

_____

*18 U.S.C.A. § 922(g) (West Supp. 1996).

not be incarcerated on the theft charge and on parole for armed robbery at the same time. Thus, Boone asserts that his period of incarceration for his 1971 conviction falls outside the fifteen-year period from his current offense. We find Boone's argument to be without merit.

Boone was indeed incarcerated on the armed robbery sentence within fifteen years of November 1, 1994, the date he committed his current offense. Whether he served his sentences concurrently is immaterial. Because Boone was incarcerated on the 1971 robbery conviction within fifteen years of his current offense, the district court properly found Boone's 1971 conviction eligible for inclusion in calculating his criminal history and base offense level.

Accordingly, we affirm Boone's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED